IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH LOUIS DAVIS,<br><br>Defendant. | No. 1:02-CR-552<br>1:16-CV-633<br><br>The Honorable Leonie M. Brinkema |

**UNITED STATES' MOTION TO DISMISS § 2255**

The United States respectfully moves to dismiss defendant's petition (ECF No. 92) filed under 28 U.S.C. § 2255 that seeks to challenge his conviction under 18 U.S.C. § 924(c). Although defendant contends that he is entitled to relief on collateral review under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), he is not challenging a sentence imposed under the Armed Career Criminal Act—the topic of those decisions—and instead is seeking to extend *Johnson* and *Welch* to § 924(c)(3)(B) on collateral review. But because his conviction has been final for more than one year, defendant fails to satisfy 28 U.S.C. § 2255(f)(3), which provides the only available exception to the collateral-review statute's one-year statute of limitations.

For a defendant to satisfy § 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right that a defendant is asserting, *Dodd v. United States*, 545 U.S. 353, 357 (2005), and the Supreme Court itself has not recognized that § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Taylor*, 2016 WL 4059359 (E.D. Va. July 28, 2016) (Ellis, J.) (dismissing *Johnson* challenge to § 924(c) conviction as untimely and failing to satisfy § 2255(f)(3)); *cf. Gray v. United States*, No. 4:08-cr-25-RBS-FBS, at 6 (E.D. Va. July 25, 2016)

(Smith, C.J.) (noting that defendant's *Johnson* challenge to § 924(c) conviction "is not timely pursuant to § 2255(f)(3)" and ordering defendant to respond because "his Motion will be dismissed as untimely, unless he can otherwise demonstrate that it was filed within the proper time period under 28 U.S.C. § 2255").

As explained at the end of this memo, a motion to dismiss is procedurally proper at this stage and does not require the government or the Court to address all defenses and the merits of defendants' claims. Because this motion addresses a widely applicable question of law—one that requires few details about a case and relies on information readily ascertainable from the docket—a motion like this one conserves the resources of the Court and the United States and presents no unfairness to defendants. Other defenses and merits arguments, such as whether defendants' federal offenses satisfy § 924(c)(3)(A), whether procedural default applies and can be overcome, whether defendants' claims satisfy § 2255(h)(2), and so on, are deferred for later briefing, if that becomes necessary.

## I. Background

On January 10, 2003, after a jury trial, defendant Kenneth Louis Davis was convicted of one count of conspiracy to obstruct, delay, and affect commerce by robbery (Count 1), three substantive counts of Hobbs Act robbery (Counts 2, 6, and 8), and three counts of using and carrying a firearm during and in relation to a crime of violence (Counts 3, 7, and 9), which were predicated on Counts 2, 6, and 8.

On March 28, 2003, this Court sentenced the defendant to a total of 762 months of imprisonment: 78 months on Counts 1, 2, 6, and 8 to run concurrently, and consecutive sentences of 84 months on Count 3, 300 months on Count 7, and 300 months on Count 9. Following multiple appeals and a prior § 2255 motion by the defendant, on June 8, 2016, the Fourth Circuit

authorized the defendant to file a successive § 2255 motion, and the defendant filed the instant motion.

## II. *Johnson*'s holding

In *Johnson*, the Supreme Court "h[e]ld that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," in 18 U.S.C. § 924(e)(2)(b)(ii), "violates the Constitution's guarantee of due process" because the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2563. In *Welch*, the Supreme Court held that *Johnson*'s invalidation of the residual clause—a provision that results in a mandatory minimum that is higher than the statutory maximum without the ACCA—is "a substantive decision and so has retroactive effect . . . in cases on collateral review." 136 S. Ct. at 1265. But, crucially, defendant is not challenging an ACCA sentence. Instead, he is seeking, in a § 2255 filed more than a year after his conviction became final, to extend both *Johnson* and *Welch* to a new, readily distinguishable context—§ 924(c)(3)(B). As explained next, however, a *Johnson* challenge to a § 924(c) conviction cannot satisfy § 2255(f)(3), the only available provision to extend the statute of limitations.

## III. *Johnson* challenges to § 924(c) convictions cannot satisfy the statute of limitations in § 2255(f)(3).

Because defendant's conviction became final more than a year ago, he fails to satisfy the statute of limitations in 28 U.S.C. § 2255(f)(3)—the only available means for him to resurrect a timely challenge under § 2255 to his otherwise long-final conviction. Although defendants seeking to challenge ACCA sentences under *Johnson* had one year from the date that *Johnson* was decided to file habeas petitions raising *Johnson*, that one-year deadline does not govern all possible extensions of *Johnson*. Critically, the problem under § 2255(f)(3) is not that defendant is too *late* to obtain relief under *Johnson*; rather, defendant's problem is that he is—at best for

3

him—*premature* in asserting rights that the Supreme Court has not yet recognized in extending *Johnson*. At present, the Supreme Court itself simply has not extended *Johnson* to invalidate 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, and the Supreme Court *itself* must be the judicial body that makes that extension of the substantive right for defendant to satisfy § 2255(f)(3). This threshold legal issue bars relief at present.

Under § 2255(f)(3), a one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). Thus, § 2255(f)(3) provides that when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert *that right* will have one year from [the Supreme Court's] decision within which to file his § 2255 motion." *Dodd*, 545 U.S. at 358–59 (emphasis added). Critically, § 2255(f)(3) requires that the Supreme Court *itself* recognize the specific substantive right at issue. A defendant "has one year from the date on which the right he asserts was initially recognized *by this Court*." *Dodd*, 545 U.S. at 357 (emphasis added). Although the Fourth Circuit has held in line with other circuits "that § 2255(f)(3) does not require that the initial *retroactivity* question be decided in the affirmative *only* by the Supreme Court," *United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) (emphasis added), by necessary implication—and as the plain language of § 2255(f)(3) requires—the Supreme Court itself must establish the particular *substantive right* at issue. This is significant. Because § 2255(f)(3) twice refers to rights that the "Supreme Court" has recognized, the references to the "Supreme Court" in § 2255(f)(3) necessarily must refer to a requirement that the Supreme Court be the court to recognize the particular substantive right being asserted.

Section 2255(f)(3) does refer to when a right was "initially" recognized, but that provision has a readily understandable role to play—namely, when the Supreme Court merely repeats in a later opinion its approval of a specific right that the Court has already recognized, that does not reopen the statute of limitations. *See, e.g.*, *In re Vassell*, 751 F.3d 267, 269 (4th Cir. 2014). For example, when the Supreme Court repeated its ruling in *Johnson* invalidating the ACCA's residual clause in *Welch* (or repeats that ruling about the ACCA in another future case), that new, later opinion does not restart the one-year limitation under § 2255(f)(3) in ACCA cases. If § 2255(f)(3) were read otherwise, the one-year limit would be meaningless and endless as the Supreme Court reaffirms or relies on its precedent over decades and beyond. *See, e.g.*, *United States v. McDonnell*, 136 S. Ct. 2355, 2373 (2016) (citing *Johnson*). But at the same time, and equally important, the word "initially" in § 2255(f)(3) does not sow chaos and force district courts (and defendants) to forecast in the year following any new Supreme Court ruling every possible new application and extension that the just-announced opinion might have in other legal contexts, where the new extension would possibly be retroactive. Under § 2255(f)(3), district courts are not placed in the position of making determinations about uncertain extensions of new Supreme Court precedent across an enormous range of long-final cases. Such an approach would tear the legal system apart.

In keeping with these points, § 2255(f)(3) divides rights finely, requires each to be itself recognized by the Supreme Court, and then requires each to be retroactive. "Section 2255(f)(3) does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012). The standards in § 2255(f)(3) create an orderly, rational process. Courts reopen the statute of limitations for

specific rights that the Supreme Court itself has newly recognized and do so for one year, but the Supreme Court must be the one to recognize the specific right at issue.

This system provides both a restriction and a significant benefit for defendants. Section 2255(f)(3) is a restriction because defendants whose convictions have been long final must wait for new, specific rulings to be accepted by the Supreme Court for their cases, but under § 2255(f)(3), defendants also need not—and may not—jump the gun. Once a rule is extended, creating a "new rule," the statute of limitations in § 2255(f)(3) will begin to run upon the announcement of that new rule (assuming that new rule is retroactive). This procedure confers significant benefits on the legal system. A district court need not parse new Supreme Court opinions for other possible applications; district courts simply apply controlling holdings and wait to see if new extensions are later made. And by requiring controlling Supreme Court precedent, Congress sought to ensure nationwide uniformity in the treatment of long-final convictions.

To determine whether the Supreme Court has issued a "new" constitutional ruling satisfying § 2255(f)(3), courts should use the new rule framework of *Teague v. Lane*, 489 U.S. 288, 301 (1989). *See, e.g.*, *Dodd*, 545 U.S. at 359 (tying together § 2255(f)(3) and *Teague* retroactivity). Under the *Teague* framework, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final," and "a holding is not so dictated . . . unless it would have been apparent to all reasonable jurists." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague*, 489 U.S. at 301; *Lambrix v. Singletary*, 520 U.S. 518, 527–28 (1997)). As *Teague* noted, "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal government." 489 U.S. at 301. Invalidating a new, distinguishable federal statute as

6

unconstitutional "breaks new ground" and "imposes a new obligation" on the federal government, and it is not "apparent to all reasonable jurists" that the Supreme Court has already invalidated § 924(c)(3)(B).

For example, the Supreme Court's ruling invalidating the sentencing guidelines in *United States v. Booker*, 543 U.S. 220 (2005), was properly deemed a "new" rule for purposes of analyzing rights on collateral review—even though *Booker* followed from earlier cases such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). *Booker* was a "new rule" because the extension of *Apprendi* to the guidelines was not "apparent to all reasonable jurists." *United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005) (*Booker* was new rule) (quoting *Beard v. Banks*, 542 U.S. 406, 413 (2004)). And *Booker* was universally deemed a new rule even though lower courts were predicting the invalidation of the guidelines in advance of the Supreme Court's ruling in *Booker*, and in some cases, courts were even imposing alternative sentences. A lower court's prediction about a ruling the Supreme Court might later make, including even a reasonable prediction, fails to establish that the later ruling is not a new rule.

Under the *Teague* framework, courts cannot say that all reasonable jurists would recognize that *Johnson* should be extended to § 924(c)(3)(B). The Fourth Circuit sitting en banc has already very recently stated, in assessing a *Johnson* challenge to § 924(c) under the plain-error standard, that it is unclear whether *Johnson* should be extended from the ACCA's residual clause to § 924(c)(3)(B). *United States v. Graham*, 824 F.3d 421, 424 n.1 (4th Cir. 2016) (en banc). No judge of the Fourth Circuit disagreed on that point. *Cf. United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015) (Although "the Supreme Court held unconstitutionally vague the [ACCA residual clause], . . . the [Supreme] Court had no occasion to review the . . . residual

7

clause" of § 924(c)(3)(B).). Manifestly, the Supreme Court itself has not already decided the invalidity of § 924(c)(3)(B).

Indeed, to date, no federal court of appeals has held that *Johnson* invalidates § 924(c)(3)(B). Two circuits have held that § 924(c)(3)(B) is distinguishable from the ACCA's residual clause because, among other considerations, (i) § 924(c)(3)(B) does not include the confusing list of enumerated offenses present in the ACCA; (ii) § 924(c)(3)(B)'s text does not encompass risks after the offense elements are satisfied; and (iii) § 924(c)(3)(B) does not have the ACCA's "fraught" history of interpretative failures that caused confusion and long-term, pervasive disagreements among federal courts. *See United States v. Hill*, --- F.3d ---, 2016 WL 4120667, *7-12 (2d Cir. Aug. 3, 2016); *United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016). Section 924(c)(3)(B)'s structure and function are also necessarily narrower than the ACCA's residual clause because any predicate offense for § 924(c) must be capable of being furthered, or otherwise have a sufficient nexus to, a firearm. The Eighth Circuit has also rejected a *Johnson* challenge to § 924(c)(3)(B), albeit on reasoning different than the Second and Sixth Circuits'. *United States v. Prickett*, --- F.3d ---, 2016 WL 4010515 (8th Cir. July 27, 2016).

To establish that he satisfies § 2255(f)(3), a defendant must contend that no reasonable jurist could have reached the result that the Second Circuit did in *Hill*, that the Sixth Circuit did in *Taylor*, or that the Eighth Circuit did in *Prickett*. A defendant would likewise have to maintain that the en banc Fourth Circuit was unreasonable when the judges failed to recognize that *Johnson* already invalidates § 924(c)(3)(B). *Graham*, 824 F.3d at 424 n.1 (citing *Taylor*).

Although § 924(c)(3)(B) and 18 U.S.C. § 16(b) are distinguishable given that § 924(c) creates a separate crime when the predicate offense is perpetrated with a sufficient nexus to a firearm, under defendant's theory that *Johnson* already itself invalidates § 924(c)(3)(B),

defendant is also committed to arguing that § 16(b) is invalid. But the en banc Fifth Circuit just rejected that *Johnson* invalidated § 16(b). *United States v. Gonzalez-Longoria*, ---F.3d---, 2016 WL 4169127 (5th Cir. Aug. 5, 2016). Thus, defendant's theory that he satisfies § 2255(f)(3) requires concluding that the 11 judges who joined the majority opinion adopted a position that no reasonable jurist could take.

True, three circuits have held § 16(b) to be invalid. *Shuti v. Lynch*, --- F.3d ---, 2016 WL 3632539 (6th Cir. July 7, 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same), *gov. cert. petition filed*, No. 15-1498 (June 10, 2016). But as the Fifth Circuit recently observed, "[t]his disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B)." *In re Fields*, --- F.3d ---, 2016 WL 3383460, *1 (5th Cir. June 17, 2016).

Moreover, *Shuti*, *Vivas-Cejas*, and *Dimaya* are incorrect, as the Second and en banc Fifth Circuit have explained. First, "each greatly underestimates—or misunderstands—the significance of the list of enumerated offenses in the ACCA's residual clause" in the Supreme Court's decision to hold the ACCA's residual clause invalid. *Hill*, 2016 WL 4120667 at *11. Second, the cases invalidating § 16(b) "either ignore or minimize the other textual distinctions between the residual clause [of the ACCA] and the language of § 16(b)." *Id*. Third, "each case dismisses the significance of the Supreme Court's fraught precedent interpreting the ACCA's residual clause." *Id*. In sum, *Shuti*, *Vivas-Ceja*, and *Dimaya* "extend" *Johnson* "in a way flatly inconsistent with that decision's own articulation of the limitations of its holding." *Id*. at *12.

Under the defendant's position, even though § 16(b) is purportedly so obviously unconstitutional after *Johnson* that no reasonable jurist could conclude otherwise, the Supreme

9

Court in a post-*Johnson* opinion nevertheless did not treat half of § 16 as unconstitutional. *Torres v. Lynch*, 136 S. Ct. 1619, 1629–30, 1637 & n.1 (2016). And on defendant's view, the Supreme Court must have been unreasonable when it denied certiorari post-*Johnson* for challenges to § 924(c)(3)(B), rather than at least granting, vacating, and remanding in light of *Johnson*. *Santana v. United States*, 136 S. Ct. 2007 (2016). Although the Supreme Court's rulings granting, vacating, and remanding in light of a new Supreme Court opinion are not determinations on the merits and merely reflect a possible effect from a new Supreme Court ruling, *see, e.g.*, *Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001), the Supreme Court has not granted, vacated, and remanded in § 924(c) cases in light of *Johnson*.

Indeed, the Supreme Court must have been unreasonable in *Johnson* and *Welch* in repeatedly emphasizing that the ruling in *Johnson* should not be understood to raise doubts about (much less *invalidate*) other laws using similar risk-based language. *See Johnson*, 135 S. Ct. at 2561 ("The government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the [ACCA] residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all."); *Welch*, 136 S. Ct. at 1262 ("The Court's analysis in *Johnson* thus cast no doubt on the many laws that "require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*." (quoting *Johnson*, 135 S. Ct. at 2561)). In short, to return to the overarching requirement of § 2255(f)(3), the Supreme Court has not already invalidated § 16(b)—much less § 924(c)(3)(B), which itself can be distinguished from both the residual clause of the ACCA and § 16(b).

Defendants have requested that district courts hold *Johnson* § 2255 motions challenging § 924(c) convictions in abeyance until the Fourth Circuit addresses whether *Johnson* should be

extended to invalidate § 924(c)(3)(B). But that request reveals two flaws. First, by suggesting that it is necessary to wait for a Fourth Circuit ruling, defendants have undercut their argument that the Supreme Court has already decided that § 924(c)(3)(B) is unconstitutionally vague. Second, such a stay would not aid defendants, for even a Fourth Circuit ruling invalidating § 924(c)(3)(B) would not suffice to satisfy § 2255(f)(3), which requires a Supreme Court ruling. *Cf. In re Embry*, --- F.3d ---, 2016 WL 4056056 (6th Cir. July 19, 2016) (concluding that the "Supreme Court has not yet decided whether" the Sixth Circuit's existing opinion invalidating the residual clause of the career-offender guideline under *Johnson* "is correct" and indicating, without deciding, that if the Supreme Court extends *Johnson* to the guidelines, that would be a "new" rule under § 2255(f)(3)).

Again, in analyzing the framework under § 2255(f)(3), *Booker* provides a useful analogy. Although *Booker*'s holding invalidating the mandatory guidelines was not later deemed retroactive, as *Morris* and countless cases held, the Supreme Court's opinion in *Apprendi* did not and should not have touched off a stampede by all federal inmates to anticipate the possible extension of *Apprendi* to the guidelines and a possible determination that *Booker* would be deemed retroactive. The statutory scheme for collateral review should be—and is—more orderly than that, and requires precisely targeted "new" rights to fit within § 2255(f)(3) and then be made retroactive. Section 2255(f)(3) fits within "the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). And again, lower-court precedent does not suffice to meet § 2255(f)(3) for establishing extensions of substantive rights. *Cf. United States v. Whiteside*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) ("Whiteside's view would render the statute of limitations virtually without limits. Notably, Whiteside does not even attempt to argue

11

that his claim [based on a new court of appeals opinion] satisfies the requirements specified in [2255](f)(3).").

The above authority shows that defendants seeking to challenge § 924(c) convictions under *Johnson* are premature. If the Supreme Court later invalidates § 924(c)(3)(B) and that ruling is retroactive, at that point, defendants will have one year in which to file a § 2255 petition. But at present, district courts should not attempt to make predictions about questions that the Supreme Court itself has not resolved.[1]

Further reinforcing the above points is the Supreme Court's recent decision to grant certiorari to consider whether *Johnson* extends to the sentencing guidelines and is retroactive in that context. Notably, the Supreme Court declined to adopt the defendant's request in that case to rule summarily in his favor in light of *Johnson* and *Welch*. *Beckles v. United States*, --- S. Ct. ---, 2016 WL 1029080 (June 27, 2016). More specifically, the Court granted certiorari in *Beckles* to address whether *Johnson* invalidates the residual clause of the career-offender guidelines, whether *Johnson* is retroactive in a guidelines case on collateral review, and whether possession of a sawed-off shotgun, an offense identified in then-applicable guidelines commentary, counts

---

[1] In a recent case, *In re Hubbard*, --- F.3d ----, 2016 WL 3181417 (4th Cir. June 8, 2016), the Fourth Circuit, interpreting 28 U.S.C. § 2255(h)(2), authorized a petitioner to file a successive *Johnson* petition challenging the guidelines. *Hubbard* did not address § 2255(f)(3), an affirmative defense, but rather simply made a *prima facie* determination that the defendant had made "a sufficient showing of possible merit to warrant a fuller exploration by the district court" under § 2255(h)(2). *Hubbard*, 2016 WL 3181417, at *3 (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)). In authorizing a successive petition, the Fourth Circuit merely takes "a cursory glance at the merits" of whether a defendant is entitled to relief, satisfying § 2255(h)(2). *Id.* at *4 (quoting *Williams*, 330 F.3d at 282). But the ultimate determination "is for the district court to determine," including an evaluation of the government's defenses. *Id*. It follows *a fortiori* that the Fourth Circuit did not decide anything about § 2255(f)(3), a topic *Hubbard* did not even mention and a defense that the government has not had an opportunity to raise and litigate before the Fourth Circuit. And the substantive question whether *Johnson* invalidated the guidelines is presently before the Supreme Court.

as a crime of violence. The Supreme Court's granting of certiorari in *Beckles*, rather than summarily reversing, undercuts that the Supreme Court itself has already decided both the extension of *Johnson* into new areas of law and the retroactivity of that extension.

IV. **The government may file a motion to dismiss a § 2255 without asserting all defenses and without waiving other defenses and arguments on the merits.**

Motions to dismiss are an accepted part of habeas litigation. The Supreme Court has noted the practice in an appeal from the Fourth Circuit and the Eastern District of Virginia, and judges in this district have continued to permit the motions. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 483 (1986) (noting that case came to the Supreme Court from the Eastern District of Virginia after motion to dismiss habeas petition, asserting procedural default and other defenses). Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts addresses the government's answer to a § 2255 motion. The 2004 Amendments to Rule 5 note that the rule does not expressly address motions to dismiss but was not intended to preclude that well-established practice. "The revised rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the motion. But revised Rule 4(b) contemplates that practice and has been changed to reflect the view that if the court does not dismiss the motion, it may require (or permit) the respondent to file a motion." This practice applies generally in habeas litigation, and motions to dismiss are permitted both for habeas petitions under 28 U.S.C. § 2254 and § 2255. "[R]esponding to a habeas petition with a motion to dismiss is common practice." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989).

Moreover, the government may choose to raise a few threshold defenses in a motion to dismiss that are readily adjudicated by a district court, without waiving other defenses that might be asserted in a later answer to the § 2255 motion. *See, e.g.*, *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005); *United States v. Valdez*, 195 F.3d 544, 548 (9th Cir. 1999), abrogated

13

on other grounds by, *Dodd v. United States*, 545 U.S. 353 (2005)); Brian R. Means, Federal Habeas Manual, § 8:24 (2016). Such an approach can preserve the resources of the Court and the government—and does so here. The practice of permitting some defenses to be raised in a motion to dismiss without waiving others is also consistent with civil rules of procedure and Rule 12 of the Rules Governing Section 2255 Proceedings because a motion to dismiss does not constitute the government's response to the habeas petition. *Cf. Domino Sugar Corp. v. Sugar Workers*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) ("A motion to dismiss is not a responsive pleading for purposes of Rule 15(a)."); *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (same). Hence, the government does not waive procedural default, *Teague* defenses, the merits of the limitations in § 2255(h)(2), other defenses, or merits arguments through this more limited motion to dismiss.

                Respectfully submitted,

                Dana J. Boente
                United States Attorney

                    /s/
                William M. Sloan
                Assistant United States Attorney
                United States Attorney's Office
                Justin W. Williams U.S. Attorney's Building
                2100 Jamieson Avenue
                Alexandria, Virginia 22314

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of August 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

_____/s/_____
William M. Sloan
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3700
Fax: 703-837-8242
Email: william.sloan2@usdoj.gov